### 24696. SPIVEY v. GETZ EXTERMINATORS, INC.

UNDERCOFLER, Justice. Getz Exterminators, Inc. filed suit against R. Jack Spivey for the alleged violation of an employment contract entered into between the parties. The petition alleges that the defendant was employed as pest control manager and on January 2, 1968, the defendant's employment with the plaintiff was terminated pursuant to Paragraph 14 of the contract and that he was paid one-half month's salary in accordance with said provision of the contract. The petition alleges that the defendant in violation of his employment contract is now working for a competitor of the plaintiff in the prohibited territory, has solicited and induced customers of the plaintiff to do business with his new employer in violation of his employment contract, and has caused specified actual damages to the plaintiff. The petition demanded that the defendant be temporarily restrained from violating the restrictive covenants in his contract of employment, that he be enjoined from violating them for a period of two years from January 2, 1968, as provided by the contract, and that it be awarded damages. After hearing evidence, the trial judge temporarily enjoined the defendant from violating the restrictive covenants of the employment contract and the appeal is from that judgment. *Held:*

Paragraph 14 of the contract provides: "After three (3) months from the date hereof, said employment may be terminated by either party upon the giving of fourteen (14) days notice to the other. After three (3) months from the date hereof, said employment may also be terminated at the sole and exclusive option of the company upon the payment to employee of a sum equal to: One-half month's salary, provided, however, that such sum shall first be used to satisfy any indebtedness

of employee to company and the payment of said sum to the employee shall be in lieu of, and satisfaction of, any notice requirement whatsoever." The contract provides that the employee's compensation would be in accordance with an attached compensation schedule which provides: "Employee shall be paid a base salary of five hundred ($500) dollars per month plus an amount equal to two percent (2%) of the cash receipts of the preceding month derived from pest control operations in Atlanta, Georgia, office. Said commission shall be payable on the 15th day of the month following receipt of same by company, and although based upon collections during the previous month, shall constitute compensation for the month in which it is paid. Upon termination of his employment, employee shall be paid according to the same formula, but only for that portion of the month actually worked, and such payment shall constitute full and final payment and satisfaction of all compensation due him." The evidence in this case shows that the employment contract was terminated by the employer without notice on January 2, 1968, and the defendant was then paid $500. The defendant testified that during the month of December, the last month he was employed, 2% of the cash receipts amounted to at least $400 and that he should have received one-half of his monthly salary plus these cash receipts when his services were terminated without notice, the total amount of which would be not less than $650. The defendant argues that since he only received $500 at the time his contract was terminated, the employer breached the contract and cannot now enforce its restrictive covenants. The plaintiff contends that the $500 paid to the defendant was one-half of the amount of said cash receipts and one-half of his base salary and that this was all that was due him.

As we construe Paragraph 14 of the contract, when the defendant was paid one-half of his base salary and one-half of the percentage of cash receipts for the previous month, he was fully compensated under the termination provision of the employment contract. Since the evidence shows that the employer had not breached the employment contract, it could enforce the restrictive covenants thereof and the trial judge did not err in granting the temporary injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 10, 1968—DECIDED JUNE 20, 1968.

*David S. Eisenberg,* for appellant.

*Gettle & Jones, John J. Jones, Thomas W. Hayes,* for appellee.